PROVIDENCE LODGE NO. 3, FRA-
TERNAL ORDER OF POLICE

v.

CITY OF PROVIDENCE.

No. 86–385–Appeal.

Supreme Court of Rhode Island.

June 14, 1988.

Joseph F. Penza, Jr., Olenn & Penza, Providence, for plaintiff.

Vincent F. Ragosta, Jr., Providence, for defendant.

OPINION

KELLEHER, Justice.

This is an appeal by the city of Providence (city) from an order of the Superior Court holding the city in contempt for its failure to comply with a prior court order affirming an arbitrator's award. At issue are certain promotional practices of the city's police chief in light of the collective-bargaining agreement entered into between the city and the Fraternal Order of Police, Providence Lodge No. 3 (lodge), on July 1, 1983. Article IV, § 3, of the agreement provides:

"Promotions to the rank of sergeant, lieutenant, captain, the Investigative Bureau, and the BCI shall be made from the ranks of the permanent police department on a competitive basis."

This section not only goes on to require the posting of notice that promotional examinations will be given for the various available positions but also identifies the source of the material upon which the examination will be based.

We begin our consideration of the city's appeal with a look backward to early February 1983 when the lodge filed a grievance on behalf of Sergeant James Connell, who claimed that an order issued by the chief transferring two lieutenants and three sergeants from the department's Patrol Bureau to the Investigative Bureau violated the competitive-basis provisions of art. IV, § 3. An arbitrator, after considering the grievance, ruled in favor of Connell and entered an order nullifying all promotions and directing that all future transfers to the Investigative Bureau or the Bureau of Criminal Identification would be determined on a competitive basis. The arbitrator also took the position that the term "transfer," which was defined in the collective-bargaining agreement as a "permanent change of duty status," was, for

**662**

the purposes of art. IV, § 3, to be synonymous with the term "promotion."

Subsequently the lodge filed a petition in the Superior Court asking that the arbitrator's award be affirmed. The city, on the other hand, filed a motion seeking to vacate the order. The Superior Court justice filed a written decision in which he granted the lodge's motion to affirm and denied the city's motion to dismiss. No appeal was taken from an order embodying these findings.

Within a matter of months the lodge filed a motion to adjudge the city in contempt because of violations of the arbitrator's decision. At the contempt hearing the lodge's president testified that a detective-patrolman assigned to the Investigative Bureau was promoted to the rank of detective-sergeant in the Investigative Bureau even though he had not taken the examination for the rank of detective-sergeant. He also complained that a detective in the Investigative Bureau had been promoted to the rank of detective-sergeant without having taken a "detective-sergeant" examination. The chief of police agreed that neither of these two individuals had taken a promotional examination for the position of detective-sergeant. Both did, however, successfully complete an examination for the rank of sergeant, and the chief emphasized that the department had never given an examination for the rank of detective-sergeant. The city also argued that the Connell award was not applicable to promotions within the same division. The trial justice, however, in adjudging the city to be in contempt, emphasized that the arbitrator had determined that the words "transfer" and "promotion" were synonymous for the purposes of the award.

 We agree with the trial justice when she observed that it would be illogical to rule that promotions or transfers from one division to another would have to be on a competitive basis whereas promotions within the same division would be exempt from this requirement. Moreover, if read literally, the competitive dictate of art. IV, § 3 appears to cover all promotions to the rank of sergeant, lieutenant, or captain without

regard to the candidate's present assignment.

 On appeal the city raises for the first time the question of whether the rank of detective-sergeant actually exists within the Providence police department's table of organization. However, this issue was not raised before the trial justice and will not be considered by us on appeal since we have continually stressed that issues not raised at the trial level will not be considered for the first time on appeal. *State v. Oliviera*, 534 A.2d 867, 868 (R.I. 1987); *Cok v. Cok*, 479 A.2d 1184, 1188 (R.I. 1984); *Fiske v. MacGregor, Division of Brunswick*, 464 A.2d 719, 726 (R.I. 1983).

Accordingly the city's appeal is denied and dismissed, and the judgment appealed from is affirmed. The case is remanded to the Superior Court.